12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack AMARIGLIO-DUNN, Plaintiff-Appellant,
v.
John McCOY, et al., Defendants-Appellees.
 No. 93-3768.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1993.
 
 S.D.Ohio, No. 92-00805; John D. Holschuh, C.J.
 S.D.Ohio
 AFFIRMED.
 Before: KEITH and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Jack Amariglio-Dunn appeals a district court grant of summary judgment in favor of the defendants in this employment discrimination case. 42 U.S.C. Sec. 2000e-5 et seq.; 29 U.S.C. Sec. 621 et seq. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff filed suit alleging that the defendants refused to hire him based on national origin and age discrimination. The defendants moved for summary judgment, arguing that the plaintiff was not qualified for the position and that, even if he were qualified, they possessed a legitimate, non-discriminatory reason for not hiring him. The district court agreed with the defendants and granted summary judgment in their favor.
 
 
 3
 This court's review of a grant of summary judgment is de novo; the court uses the same test as used by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). The moving party must show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 4
 In a case of alleged employment discrimination, the plaintiff must establish a prima facie case. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The employer must then show a legitimate, non-discriminatory reason for its actions. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). At all times, the ultimate burden of demonstrating intentional discrimination remains with the plaintiff. Id. at 253. This framework of shifting burdens of production is applicable to both Title VII and age discrimination claims. Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir.1992).
 
 
 5
 The district court properly held that the plaintiff did not raise a genuine issue of fact concerning his qualifications for the position. The plaintiff simply did not show sufficient corporate travel experience to qualify. Even assuming that the plaintiff did qualify, the plaintiff did not show any genuine issue of fact concerning the defendants' legitimate, non-discriminatory reason for not hiring him. The person the defendants did hire clearly had qualifications that were superior to those of the plaintiff.
 
 
 6
 The judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.